B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** NICHOLAS BATES, CODY FEDDER and ELIZABETH DICKERSON on behalf of themselves and all others similarly situated, | **DEFENDANTS** Power Home Solar, LLC d/b/a Pink Energy |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Gilbert J. Andia, Jr. (336) 273-1600 Higgins Benjamin, PLLC 301 N. Elm Street, Ste. 800, Greensboro, NC 27401 | **ATTORNEYS** (If Known) Joseph W. Grier, III  Suite 440 Charlotte, NC 28202 Grier Wright Martinez, PA  704-375-3720 521 E. Morehead St.  Email: jgrier@grierlaw.com |
| **PARTY** (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is a class action for the recovery by Plaintiff and other similarly situated employees of the Defendant of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. ("WARN Act").

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law      ☑ Check if this is asserted to be a class action under FRCP 23

☑ Check if a jury trial is demanded in complaint      Demand $  Unknown

Other Relief Sought

B1040 (FORM 1040) (12/15), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Power Home Solar, LLC d/b/a Pink Energy | | BANKRUPTCY CASE NO.<br>22-50228 |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of North Carolina | DIVISIONAL OFFICE<br>Charlotte | NAME OF JUDGE<br>J. Craig Whitey |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Gilbert J. Andia, Jr. | | |
| DATE<br>10/12/2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gilbert J. Andia, Jr. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.
**Attorneys.** Give the names and addresses of the attorneys, if known.
**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.
**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NICHOLAS BATES, CODY FEDDER and ELIZABETH DICKERSON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POWER HOME SOLAR, LLC d/b/a PINK ENERGY<br><br>Defendant. | **Bankruptcy Case No.. 22-50228<br>Chapter 7<br>Adversary Proceeding No.:**<br><br>**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT** |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

Plaintiffs Nicholas Bates, Cody Fedder and Elizabeth Dickerson ("Plaintiffs") by and through undersigned counsel, on behalf of themselves and all other similarly situated persons, as and for their complaint against Defendant, allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

**NATURE OF THE ACTION**

3. This is a class action for the recovery by Plaintiffs and other similarly situated employees of the Defendant of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act"). The Plaintiffs were employees of the Defendant and were terminated as part of, or as a result of mass layoffs and/or plant closings ordered by the Defendant. As such, the Defendant violated the WARN Act by failing to give the Plaintiffs

and other similarly situated employees of the Defendant at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and other similarly situated employees of the Defendant are entitled under the WARN Act to recover from the Defendant their wages and ERISA benefits for 60 days, none of which has been paid.

## PARTIES

4. Upon information and belief, Defendant, was, at all relevant times to this action, a Delaware corporation which maintained facilities at 500 Stephenson Hwy, Troy, MI 48083 (the "Troy Facility") and 56308 N Bay Dr, Chesterfield, MI 48051 (the "Chesterfield Facility") and 9208 Falls of Neuse Rd Suite 120, Raleigh, NC 27615 (the "Raleigh Facility").

5. Upon information and belief, Defendant also operated facilities located at Atlanta, GA; Concord, NC; Charlotte, NC; Dallas, TX; Richmond, VA; Springfield, MO as well as other facilities (collectively with the Troy Facility, Chesterfield Facility and Raleigh Facility, "the Facilities").

6. At all relevant times to this action, Plaintiff Nicholas Bates was an employee who was employed by Defendant and worked at or reported to the Troy Facility until his termination without cause on or about September 12, 2022.

7. At all relevant times to this action, Plaintiff Cody Fedder was an employee who was employed by Defendant and worked at or reported to the Chesterfield Facility until his termination without cause on or about September 11, 2022

8. At all relevant times to this action, Plaintiff Elizabeth Dickerson was an employee who was employed by Defendant and worked at or reported to the Raleigh Facility until her termination without cause on or about September 12, 2022.

9. Until on or about September 1, 2022, Plaintiffs and all other similarly situated employees, were employed by Defendant and worked at, or reported to, or were assigned work from the Facilities ("Other Similarly Situated Employees").

10. On or about September 1-22, 2022 and thereafter, Defendant ordered the termination of Plaintiffs' employment together with the termination of approximately 1500 other employees who worked at or reported to or were assigned work from the Facilities as part of a mass layoff and/or plant closing as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

11. On or about October 7, 2022, Defendant filed with this Court a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104 (a)(5)

12. The Plaintiffs and each person they seek to represent herein, were discharged on or about September 1-22, 2022 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

13. The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendant who were terminated on or about September 1-22, 2022 and thereafter, who worked at the Facilities until their terminations.

14. On or about September 1-22, 2022 and thereafter, Defendant terminated the Plaintiffs' employment as part of mass layoffs and/or plant closures which qualifies as an event for which they were entitled to receive to sixty (60) days' advance written notice under the WARN Act.

3

15. Defendant never gave Plaintiffs the statutorily required sixty (60) days advance written notice of the mass layoff and/or plant closure in violation of the WARN Act.

16. At or about the time that the Plaintiffs was discharged on or about September 1-22, 2022 and thereafter, Defendant discharged approximately 1500 other employees at the Facilities (the "Other Similarly Situated Former Employees").

17. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of each of the Class and for his or her benefit.

18. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

19. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendant, without cause on their part.

20. Each Plaintiffs and each of the Other Similarly Situated Former Employees is an "affected employee" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

21. Defendant was required by the WARN Act to give the Plaintiffs and Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

22. Prior to their termination, neither the Plaintiffs nor Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

23. Defendant failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under

4

ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

## CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)

24.     The Plaintiffs assert their claims on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

25.     The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class").

26.     Common questions of law and fact are applicable to all members of the Class.

27.     The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendant committed or failed to commit as to all members of the Class: all Class Members enjoyed the protection of the WARN Act; all Class members were employees of Defendant who, prior to the terminations, worked at the Facilities; Defendant terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendant failed to pay the Class Members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

28.     The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

29.     The Plaintiffs' claims are typical of the claims of other members of the Class in that for each of the several acts described above.

5

30. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

31. The Plaintiffs have the time and resources to prosecute this action and have retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

32. The Class is so numerous as to render joinder of all members impracticable as there are approximately 1500 persons who are included in the Class.

33. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

34. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

36. No litigation concerning the WARN Act rights of any Class member has been commenced in this Court.

37. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

38. On information and belief, the identities of the Class members are contained in the books and records of Defendant.

39. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendant.

40. On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class member at the time of his/her termination are contained in the books and records of Defendant.

41. As a result of Defendant's violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## **THE CLAIM FOR RELIEF**

42. At all relevant times, the Defendant employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

43. At all relevant times, Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order mass layoffs and/or plant closures at the Facilities.

44. On or about September 1-22, 2022 and thereafter the Defendant ordered "mass layoffs" and/or "plant closures" at the Facilities, as those terms are defined by the WARN Act.

45. The mass layoffs and/or plant closures at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at each Facility, excluding "part-time employees," as that term is defined by the WARN Act.

46. The Plaintiffs and each of the other members of the Class were discharged by the Defendant without cause on his or her part as part of or as the reasonably foreseeable result of the mass layoff and/or plant closure ordered by the Defendant at the Facilities

47. The Plaintiffs and each of the other members of the Class are "affected employees" of the Defendant within the meaning of the WARN Act.

48. The Defendant was required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of his or her termination.

49. The Defendant failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

50. The Plaintiffs and each of the other members of the Class are "aggrieved employees" of the Defendant as that term is defined in the WARN Act.

51. The Defendant failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

52. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of the other Class members demand judgment, jointly and severally, against Defendant as follows:

A. An allowed claim against the Defendant in favor of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, The first $15,150.00 of each Class member's allowed WARN Act claim against the Defendant is entitled to wage priority claim status under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim;

B. Certification that the Plaintiffs and the other Class members constitute a single class;

C. Appointment of the undersigned attorneys as Class Counsel;

D. Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

E. An allowed claim against the Defendant under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

F. Such other and further relief as this Court may deem just and proper.

This 12th day of October, 2022.

Respectfully submitted,

/S/ GILBERT J. ANDIA, JR.
GILBERT J. ANDIA, JR. (NCSB NO. 16533)
HIGGINS BENJAMIN, PLLC
301 N. ELM STREET, SUITE 800
GREENSBORO, NC 27401
bandia@greensborolaw.com
PHONE: (336) 273-1600
FAX: (336) 274-4650

9

OF COUNSEL:

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
100 Church Street, 8th Floor
New York, NY 10007
stuart@lankmill.com
O: (212) 581-5005
C: (917) 613-9983

THE GARDNER FIRM, PC
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street, Suite 103
Mobile, Alabama 36602
molsen@thegardnerfirm.com
(251) 433-8100 (main)
(251) 415-4978 (direct)
(251) 433-8181 (fax)

Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice

*Attorneys for Plaintiffs*